77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BUNKER LIMITED PARTNERSHIP, an Idaho limited
partnership, Debtor.
GULF U.S.A. CORPORATION, fka Gulf Resources & Chemical
Corporation; Pintlar Corporation, Appellants,
v.
BUNKER LIMITED PARTNERSHIP, an Idaho limited partnership;
Harry F. Magnuson, Appellees.
 No. 94-36033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Feb. 8, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debtor acquired the assets and assumed the liabilities of Corporate Subsidiary. A condition of the sale required Debtor to reimburse Corporation for certain future expenses to be paid by Corporation on behalf of Subsidiary. One of Debtor's limited partners assumed the role of co-obligor by personally guaranteeing that he would reimburse Corporation for one-third of those expenses if Debtor should fail to do so. Debtor defaulted, the limited partner reneged, Corporation sued, and Debtor filed a petition in bankruptcy.
 
 
 3
 Corporation voted to accept Debtor's reorganization plan but reserved its right to challenge the plan's system of payment allocation. When the bankruptcy court later denied Corporation's motion to invalidate the allocation, Corporation and Subsidiary (together, "Appellants") appealed to the Bankruptcy Appellate Panel ("BAP"), arguing that the bankruptcy court lacked jurisdiction to make the allocation because the allocation had the effect of discharging an obligation owed by the non-debtor co-obligor. The BAP upheld the bankruptcy court's denial of Appellants' motion on the ground that federal law did not prohibit the allocation. Appellants have timely appealed.
 
 
 4
 Section 524 of the Bankruptcy Code provides, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Accord 3 Lawrence P. King, et al. eds., Collier on Bankruptcy p 524.05 at 524-44 (15th ed. 1995) ("Collier ") ("[T]he discharge has no effect on the liability of a nondebtor codebtor or guarantor of the discharged debt."); George M. Triester, et al., Fundamentals of Bankruptcy Law § 7.05 at 337 (3d ed. 1993) ("Fundamentals ") ("The discharge, however, does not affect the liability of anyone else who is a co-obligor with the debtor on a discharged obligation or who is secondarily liable for the debtor's discharged debt.").
 
 
 5
 As the BAP correctly noted, however, section 524(e) is inapposite: As the confirmation of Debtor's reorganization plan effectively put Debtor out of business and resulted in the liquidation of Debtor's assets, there was no discharge in bankruptcy in the instant case. See 11 U.S.C. § 1141(d)(3) (confirmation of partnership reorganization plan does not result in discharge if partnership effectively goes out of business as a result). Accord Collier p 1141.01[a] at 1141-12 to 1141-13; Fundamentals § 8.07 at 385. The BAP concluded, consistent with the bankruptcy court, that "[t]here is no ... rule prohibiting a debtor from allocating its payments to satisfy those claims which are guaranteed by a third party." Appellants cite to no controlling authority to the contrary, and we are unaware of any rule prohibiting the allocation made.
 
 
 6
 Because we find no merit to any of Appellants' remaining arguments, the decision appealed from is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition if not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3